IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARNELL BASIL YATES,                )
        Petitioner,                )
                              )
        vs.                )      Civil Action No. 2:07-1189
                              )      Judge Terrence F. McVerry
FRANKLIN J. TENNIS, the ATTORNEY    )      Magistrate Judge Lisa Pupo Lenihan
GENERAL OF THE STATE OF             )
PENNSYLVANIA, and the DISTRICT      )
ATTORNEY OF THE COUNTY OF           )
GREENE,                             )
        Respondents.                )

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.     RECOMMENDATION

       It is recommended that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 (Docket No. 4) be denied and that a certificate of appealability be denied.

II.    REPORT

       Petitioner, Earnell Basil Yates, who is currently incarcerated at the State Correctional

Institution at Rockview in Bellefonte, Pennsylvania, brings this petition for a writ of habeas

corpus in accordance with 28 U.S.C. § 2254, challenging his conviction on the charge of

possessing weapons or implements for escape, arising out of a fight he had with a fellow inmate

whom he stabbed several times with an improvised blade weapon, and the sentence of 30 to 60

months' imprisonment (consecutive to his underlying sentence), imposed on April 16, 2002 in

the Court of Common Pleas of Greene County, Pennsylvania.

       For the reasons that follow, Petitioner's claim that the statute under which he was

convicted is unconstitutional is barred from review, and his claim of ineffectiveness of trial

counsel for failing to object to certain jury instructions should be denied on the merits.

<u>Procedural History</u>

On June 10, 2001, Petitioner, who was then an inmate at SCI Greene, engaged in a fight with fellow inmate Bobby Harris. During the altercation, Harris was stabbed several times with an improvised blade weapon known as a shank. Correctional Officers Thomas Armstrong, Bruce Schmolke and Daniel Speelman testified at trial that Petitioner had possession of the shank at the time Harris was stabbed (Trial Transcript ("T.T.") at 36-38, 56, 74, 133).[1] Indeed, Petitioner admitted that he had the shank in his possession and that he directed it toward Harris about three times (T.T. at 169-70).

Petitioner was subsequently charged at No. 447 Criminal 2001 with three offenses: Possessing Instruments of Crime, 18 Pa. C.S. § 907(b); Prohibited Offensive Weapons, 18 Pa. C.S. § 908(a); and Weapons or Implements for Escape, 18 Pa. C.S. § 5122(a)(2). On March 4, 2002, he proceeded to trial before the Honorable H. Terry Grimes, represented by Harry J. Cancelmi. The jury acquitted him of the first two charges, but convicted him of the third charge on March 5, 2002. (Answer Ex. B.)

On April 16, 2002, at the conclusion of a sentencing hearing, Petitioner was sentenced by Judge Grimes to a prison term of 30 to 60 months, consecutive to his underlying sentence. (Answer Ex. C.) On April 26, 2002, Petitioner filed a motion for post-sentence relief pursuant to Pennsylvania Rule of Criminal Procedure 720. (Answer Ex. D.) Argument was scheduled for June 10, 2002. The trial court later continued the argument to July 1, 2002 and granted Petitioner's request to amend his post-sentence motion. The court also extended the briefing schedule, allowing him until July 26, 2002 to file his brief. Petitioner filed neither an amended

---

[1]        Answer (Docket No. 11) Ex. A.

2

motion nor a brief. Not later than September 26, 2002, the motion was denied by operation of law in accordance with Pennsylvania Rule of Criminal Procedure 720. However, no order was entered as specified in the rule, and the parties and the court proceeded without reference to the rule. See Memorandum to Record;[2] Super. Ct. Op. at 2-3.[3]

As of March 17, 2003 the case remained pending in the trial court. On that date, Petitioner filed an appeal of his conviction in the Pennsylvania Superior Court, which was docketed at No. 518 WDA 2003. Through his attorney, Ryan Armstrong, he raised the following issues:

A. Whether this appeal is properly before this Court?

B. Whether the Commonwealth presented sufficient evidence to convict appellant of the crime of weapons or implements for escape?

C. Whether appellant's conviction for the crime of weapons or implements for escape was against the weight of the evidence?

D. Whether the trial court erred in the form of its self-defense instruction to the jury?

(Answer Ex. G at 2.)

After review, the Superior Court affirmed the trial court's decision on November 18, 2003. (Answer Ex. I.) On December 18, 2003, he filed a petition for allowance of appeal in the Pennsylvania Supreme Court. He raised the following issues:

A. Whether the Commonwealth presented sufficient evidence to convict appellant of the crime of weapons or implements for escape?

B. Whether appellant's conviction for the crime of weapons or implements for escape was against the weight of the evidence?

---

[2]    Answer Ex. F.

[3]    Answer Ex. I.

3

C. Whether the trial court erred in the form of its self-defense instruction to the jury?

(Answer Ex. J at 2.)  The Pennsylvania Supreme Court denied his petition for review on August 31, 2004.  See Answer Ex. BB at 2.

On July 1, 2005, Petitioner filed a pro se petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-46 (PCRA).  He raised the following issues:

1) The Court committed reversible error when it improperly instructed the jury.
2) The Commonwealth has failed to prove every element of the crime for which petitioner was convicted.

3) [Trial] counsel was ineffective for not objecting to the [trial] courts' improper jury instruction.

4) Counsel was ineffective for arguing the wrong issue under the sufficiency of the evidence standard.

(Answer Ex. K at 2, 6, 8, 10.)

James Jeffries was subsequently appointed to assist him in the prosecution of his petition. A final PCRA hearing was held on October 3, 2005 before Judge Grimes.  At the conclusion of the hearing, the court ordered briefs to be filed by both sides.  (Answer Ex. L at 11.)  Attorney Jeffries filed a brief on October 21, 2005.  (Answer Ex. M.)  On December 21, 2005 Judge Grimes filed an order denying the petition.  (Answer Ex. P.)

On December 30, 2005, Petitioner filed an appeal of the PCRA court's decision to the Pennsylvania Superior Court (Answer Ex. Q), which was docketed at No. 546 WDA 2006.  He raised the following issues:

I.      Whether the jury instruction on the offense, Possessing a weapon or instrument for escape [18 Pa. C.S.A. § 5122(a)(2)] relieved the Commonwealth of its burden to prove every element beyond a reasonable doubt, in violation of the 14th Amendment of the United States Constitution?

4

II.     Whether trial counsel provided ineffective assistance of counsel for his
        failure to object to the burden relieving instruction given by the trial
        court?

III.    Whether PCRA counsel's performance at the PCRA hearing constituted a
        constructive denial of counsel for his failure to properly frame the issue,
        file an amendment clarifying the legal inquiry to be made, and providing
        controlling legal precedent for the disposition of the controversy?

(Answer Ex. R at vii.)

On January 5, 2007, the Superior Court held that Petitioner was entitled to the benefit of

appointed counsel and remanded for the provision of counsel and the filing of a counseled brief.

(Answer Ex. U.)  On April 5, 2007, Attorney Jeffries filed a brief, in which he restated the

questions presented as follows:

I.      Did the trial court err when the subsequent jury instructions were
        materially different than the initial instructions given to the jury before
        deliberations.

II.     Was the trial attorney was [sic] ineffective in not objecting when the
        subsequent jury instructions were read to the jury.

(Answer Ex. V at 4.)

On June 28, 2007, the Superior Court denied the appeal.  (Answer Ex. BB.)  No attempt

was made to appeal this matter to the Pennsylvania Supreme Court.

<u>Claims in Federal Habeas Petition</u>

Petitioner commenced this federal habeas action on August 30, 2007.  He raises the

following claims in his brief accompanying the petition, both of which were filed on October 1,

2007:

[1] Counsel was ineffective for failing to object to a jury charge that directed the
jury to convict.

[2] Whether the language in Title 18 Subsection 5122(a)(2) violates the United
States Constitution.

5

(Docket No. 5 at 2, 5.)

Respondents filed an answer on December 5, 2007. They contend that the second issue – the constitutionality of the statute under which he was convicted – has never been raised and is thus unexhausted and procedurally defaulted. Moreover, they argue that his challenge is meritless in any event, because he is not really challenging the statute itself but rather the Pennsylvania courts' application of the statute to him and that his due process rights were not violated because the jury instruction required proof of all elements necessary for conviction under the statute but not elements not so required. With respect to the first issue – counsel's ineffectiveness for failing to object to the jury charge – they contend that, to the extent this represents a challenge to the jury charge itself, the claim is unexhausted and procedurally defaulted and to the extent it raises counsel's performance, it should be denied on the merits because the charge was not improper and thus counsel could not be ineffective for failing to object to it.

Exhaustion

The first issue that must be addressed by a federal district court when considering a habeas corpus petition filed by a state prisoner is whether the prisoner has exhausted available state court remedies as required by 28 U.S.C. §§ 2254(b) and (c). The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), provides that:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I)  there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

28 U.S.C. § 2254(b).

It is well settled that, as a matter of comity, the state should be provided with the first opportunity to consider the claims of constitutional violations and to correct any errors committed in its courts. Rose v. Lundy, 455 U.S. 509, 518 (1981); Preiser v. Rodriguez, 411 U.S. 475 (1973). Accordingly, before a state prisoner's claims may be addressed by a federal habeas court, the constitutional issues must first have "been fairly presented to the state courts" for review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Both the factual and legal basis for the claim must have been presented to the state courts. Thus, the Supreme Court held that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 366 (1995). Nevertheless, as noted, "an unexhausted claim may be denied on the merits as long as the petitioner is not incarcerated 'in violation of the Constitution or laws or treaties of the United States.'" Carrasacosa v. McGuire, 520 F.3d 249, 254 (3d Cir. 2008) (citing § 2254(a), (b)(2)).

Procedural Default

The Court of Appeals has stated that:

As a matter of comity and federalism, a federal court cannot rule on the merits of a habeas petitioner's claims when a state court has found such claims to be procedurally defaulted pursuant to an independent and adequate state procedural rule unless the petitioner shows cause and prejudice for the default.

Kindler v. Horn, 542 F.3d 70, 78 (3d Cir. 2008) (citing Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)). In addition, when habeas petitioners have not fairly presented their claims to the state courts and would be barred by a state procedural rule from seeking further relief, the claims cannot be reviewed because of this procedural default. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)). In Lines, the petitioner had filed a direct appeal to the Superior Court and a petition for allowance of appeal in the Pennsylvania Supreme Court. He then filed a PCRA petition and after it was denied, he appealed to the Pennsylvania Superior and Supreme Courts. However, the Court of Appeals concluded that he had not "fairly presented" to the Pennsylvania courts any of the claims that he was presenting in his habeas corpus petition.

The Court of Appeals did not affirm the district court's dismissal of the federal habeas corpus petition on the ground that Lines had failed to exhaust available state court remedies and that he should file another PCRA petition. Rather, the court concluded that he had no more available state court remedies because the statute of limitations under the PCRA, 42 Pa. C.S. § 9545(b)(1), would prohibit him from filing any PCRA petition, including a second or subsequent petition, more than one year after the judgment becomes final unless certain exceptions are met, which did not apply to the case. The court noted that the Pennsylvania Supreme Court had held in Commonwealth v. Banks, 726 A.2d 374 (Pa. 1999), that the time restrictions under the PCRA are jurisdictional. Id. at 164 & n.17. The court concluded that "[w]hen exhaustion is futile because state relief is procedurally barred, federal courts may only

8

reach the merits if the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice."  Id. at 166 (citation omitted).  Because the petitioner failed to meet either exception to the procedural bar, all of his claims were procedurally barred from review and the court dismissed the petition with prejudice.  Id. at 169.

Whether the Language in § 5122(a)(2) Is Unconstitutional

Respondents are correct that Petitioner did not exhaust the issue of whether the language in § 5122(a)(2) is unconstitutional in his previous filings and thus it would appear to be unexhausted and, because he could no longer raise it in state court, the issue would be procedurally defaulted.  However, a close reading of Petitioner's brief suggests that he is not challenging the language of the statute itself, but the state courts' application of the statute to him.  More precisely, he appears to be contending that the reinstruction given by the trial court denied him due process of law by removing from the Commonwealth the burden to demonstrate one of the elements of the crime (namely, that the shank he possessed "may be used for escape").

The Pennsylvania Superior Court held that this was an allegation of trial court error that could have and should have been raised during trial and on direct appeal.  Since this was not done, the issue was deemed waived, pursuant to 42 Pa. C.S. §§ 9543(a)(3) & 9544(b) and Commonwealth v. Santiago, 855 A.2d 682, 691 (Pa. 2004).  (Answer Ex. BB at 3-4.)  This represents a procedural default barring the issue from federal habeas review.

Petitioner has not argued that he can demonstrate "cause" for his procedural default, that he suffered "prejudice" therefrom, or in the alternative that he will suffer a "fundamental miscarriage of justice" if this claim ise not heard.  Moreover, he would not meet the standard necessary to satisfy either exception to the procedural fault bar in any event.

The issue of cause "ordinarily turn[s] on whether the prisoner can show that some

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Because Petitioner's counsel did not raise this issues, he cannot refer to any source external to the defense. Thus, he cannot establish the existence of "cause" to excuse the procedural default.

Even where no cause or prejudice can be shown, a federal court may grant a writ of habeas corpus where failure to hear the claim would result in a miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333, 339 (1992). A fundamental miscarriage of justice occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray, 477 U.S. at 495-96; Hull v. Freeman, 991 F.2d 86, 91 n.3 (3d Cir. 1993). To meet this standard, the prisoner must show a fair probability that, in light of all the evidence, including that claimed to have been illegally admitted and that claimed to have been wrongly excluded or which became available only after trial, the trier of fact would have entertained a reasonable doubt of his guilt. Sawyer, 505 U.S. at 339 n. 5 (citing Kuhlmann v. Wilson, 477 U.S. 436, 454 n. 17 (1986)). This exception is exceedingly narrow: "'To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.' Given the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected.'" Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).

In this case, Petitioner does not even claim that he is actually innocent of violating the Weapons or Implements for Escape statute, although he contends that the Commonwealth was improperly relieved of the burden of demonstrating that the weapon he possessed may have been used for escape. As discussed below, the state courts rejected this contention by concluding that the statute contains no such element. Thus, he can not meet the high burden of demonstrating a

fundamental miscarriage of justice.  Therefore, his claim that he was denied due process when the trial court reinstructed the jury about the elements of § 5122(a)(2) is procedurally barred from review.  The remaining claim will be addressed on the merits.

Standard of Review

To be entitled to federal habeas relief a state petitioner must meet the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Section 2254(d) "firmly establishes the state court decision as the starting point in habeas review."  Hartey v. Vaughn, 186 F.3d 367, 371 (3d Cir. 1999).  This provision governs not only pure issues of law, but mixed questions of law and fact such as whether counsel rendered ineffective assistance.  Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000).

The Supreme Court has held that, "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite that to that reached by this Court on a question of law or if the state court decides a case differently than this Court on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  The Court has also held that

> the "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal

principle from this Court's decisions but unreasonably applies that principle to the facts" of petitioner's case. In other words, a federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." In order for a federal court to find a state court's application of our precedent "unreasonable," the state court's decision must have been more than incorrect or erroneous. The state court's application must have been "objectively unreasonable."

Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (other citations omitted)). In other words, "the question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citations omitted).

Ineffective Assistance of Counsel

The Supreme Court:

established the legal principles that govern claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. Id., at 687, 104 S.Ct. 2052. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id., at 688, 104 S.Ct. 2052. We have declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Ibid.

Wiggins, 539 U.S. at 521.

To satisfy the second prong of counsel ineffectiveness, "a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 534 (quoting Strickland, 466 U.S. at 694.) The Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel

claims is not contrary to <u>Strickland</u>. <u>Werts</u>, 228 F.3d at 204. Thus, the relevant question is whether the decisions of the Pennsylvania courts involve an unreasonable application of <u>Strickland</u>. <u>Jacobs v. Horn</u>, 395 F.3d 92, 106 n.9 (3d Cir. 2005). <u>See also</u> <u>Taylor v. Horn</u>, 504 F.3d 416, 430 (3d Cir. 2007).

The Supreme Court recently confirmed that:

> Our habeas precedent places an "especially heavy" burden on a defendant who ... seeks to show constitutional error from a jury instruction that quotes a state statute. Even if there is some "ambiguity, inconsistency, or deficiency" in the instruction, such an error does not necessarily constitute a due process violation. Rather, the defendant must show both that the instruction was ambiguous and that there was " 'a reasonable likelihood' " that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. In making this determination, the jury instruction " 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." Because it is not enough that there is some "slight possibility" that the jury misapplied the instruction, <u>Weeks v. Angelone</u>, 528 U.S. 225, 236, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000), the pertinent question "is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'"

<u>Waddington v. Sarausad</u>, 129 S.Ct. 823, 831-32 (2009) (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 72 (1991) (some citations omitted). Jury instructions that are allegedly defective only under state law do not rise to the level of a fundamental due process claim in habeas corpus. <u>See</u> <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 109 (3d Cir. 1997) (denying petitioner's challenges to jury instructions to the extent that they were allegedly erroneous under state law).

Petitioner contends that trial counsel provided ineffective assistance when he failed to object to the reinstruction given by the trial court following a question by the jury. At trial, the court instructed the jury on the charged offenses. The initial instruction on the Weapons or Implements for Escape charge was as follows:

> The third offense is an inmate having possession of a weapon or

implement of escape. There are three elements which must be proven. The first element is that Mr. Yates was an inmate of a state correctional institution; secondly that Mr. Yates had in his possession or control an implement which may be used for escape; and third that the defendant, Mr. Yates possessed that weapon or that item unlawfully. Now, unlawfully is defined as contrary to law, regulation or order of a detaining authority. Weapon means any element capable of lethal use.

Once again those three elements that Mr. Yates was an inmate of the state correctional institution; secondly that Mr. Yates had in his possession a weapon which may be used for an escape; and third that the defendant did so unlawfully. If the Commonwealth has proven each of those elements beyond a reasonable doubt then you must find Mr. Yates guilty. If the Commonwealth has failed to prove these elements beyond a reasonable doubt then you must find him not guilty.

(T.T. at 196-97).

After a sidebar discussion with counsel, the court reviewed the charges for the jury as

follows in pertinent part:

The third offense with which Mr. Yates has been accused is that of an inmate having a weapon or implement of escape. The first element is that Mr. Yates was in inmate of a correctional institution; secondly that Mr. Yates had in his possession or control a weapon which may be used for an escape; and third that Mr. Yates did so unlawfully. For each of those offenses the Commonwealth must prove each element beyond a reasonable doubt.

(T.T. at 204.)

After a period of deliberation, the jury requested that the elements of each of the offenses

be repeated by the court. This third jury instruction on the Weapons or Implements for Escape

charge was as follows:

The third offense has the elements, that is possession by an inmate having a weapon or implement of escape has three elements. First, that Mr. Yates was an inmate at the state correctional institution; secondly, that Mr. Yates had in his possession a weapon; and third that Mr. Yates did so unlawfully. Unlawfully means surreptitiously or contrary to law or order of a detaining authority. Once again, weapon would mean any implement readily capable of lethal use.

(T.T. at 208-09.)  After further deliberation, the jury found Petitioner guilty of violating the

14

Weapons or Implements for Escape statute (T.T at 211-12).

In his PCRA petition and on appeal therefrom, Petitioner contended that counsel was ineffective for failing to object to the fact that the reinstruction omitted the phrase "which may be used for escape" and therefore relieved the Commonwealth of the burden of demonstrating this element of the crime beyond a reasonable doubt. When presented with the claim of trial counsel ineffectiveness for failing to object to the jury reinstruction, the Superior Court found that:

> In his brief, [Petitioner] altogether fails to provide any authority for his claim that the Commonwealth bears the burden of showing that the weapon was intended for escape purposes, as a prerequisite to a conviction under 18 PA.CONS.STAT.ANN. § 5122(a)(2). Indeed, the plain language of the statute itself requires only that the inmate in question unlawfully have in his possession "any weapon, tool, implement **or** other thing which may be used for escape. 18 PA.CONS.STAT.ANN. § 5122(a)(2) (emphasis added). [Petitioner's] attempt to turn an attribute of contraband into a required *mens rea* element for conviction under section 5122(a)(2) far exceeds the legislative intent clearly expressed by the statute's plain languages. We therefore find no error in the trial court's omission of the language "which may be used for escape" in the jury reinstruction. Because we find that the jury instruction was proper, we conclude that trial counsel did not err by failing to object to the instruction, as there was no reasonable basis on which to base on objection.

(Answer Ex. BB at 5-6) (footnote omitted).

The Superior Court of Pennsylvania has concluded that the Commonwealth was not required to prove that the weapon Petitioner possessed "may be used for escape." This determination of the elements of § 5122(a)(2) is a matter of state law not subject to habeas corpus review.[4] As the Supreme Court recently reiterated, "we have repeatedly held that 'it is

---

[4]    Moreover, the Superior Court's conclusion is bolstered by the fact that, prior to the statute's amendment in 1999, possession of a "weapon," 18 Pa. C.S. § 5122(a)(2) (1974), was listed in a separate subsection from and was subject to a greater penalty than possession of a "tool, implement or other thing which may be used for escape," § 5122(a)(3) (1974).

not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" <u>Waddington</u>, 129 S.Ct. at 832 n.5 (quoting <u>Estelle</u>, 502 U.S. at 67-68).  Because the trial court's reinstruction to the jury did not omit a required element as determined under state law, Petitioner was not deprived of the effective assistance of counsel when his lawyer failed to object to the reinstruction.  That determination by the Superior Court is not an unreasonable application of <u>Strickland v. Washington</u>, and therefore, as to this claim, the petition should be denied.

<u>Certificate of Appealability</u>

The decision whether to grant or deny a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals."  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983).  If a certificate of appealability is granted, the Court of Appeals must consider the merits of the appeal.  However, when the district court denies a certificate of appealability, the Court of Appeals can still grant one if it deems it appropriate.  28 U.S.C. § 2253.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This petition does not present a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability should be denied.

For the foregoing reasons, it is recommended that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 be denied and that a certificate of appealability be denied.

Within the time specified in the Notice of Electronic Filing, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

16

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
U.S. Magistrate Judge

Dated: 7/10/09

cc:     Earnell Basil Yates
        DC-1673
        SCI Rockview
        Box A, Route 26
        Bellefonte, PA 16823-0820